UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB LEITNER, on behalf of himself and all other similarly situated consumers,<br><br>     Plaintiff,<br><br>    v.<br><br>ALLIED INTERSTATE, LLC,<br><br>     Defendant. | No.: 16-CV-5567<br><br>**ANSWER** |

Defendant Allied Interstate LLC ("Allied" or "Defendant"), hereby answers and otherwise responds to Plaintiff Jacob Leitner's ("Plaintiff") Class Action Complaint ("Complaint"). Defendant's responses are made without waiving, and expressly reserving, all rights that Defendant has to file any motion addressed to some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

## AS TO INTRODUCTION

1. Paragraph 1 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains only conclusions of law and statements that are otherwise introductory in nature, and therefore require no response. To the extent a response is required, Defendant states only that Plaintiff purports to bring this action as alleged. Defendant denies all other allegations contained in Paragraph 6 of the Complaint

## AS TO PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that Plaintiff makes certain allegations.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff makes certain allegations.

10. In response to Paragraph 10 of the Complaint, Defendant states that it is a Minnesota limited liability company and denies all other allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits only that it is in the business of collecting debt and denies all other allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant admits only that it is in the business of collecting debt and denies all other allegations contained in Paragraph 12 of the Complaint.

## AS TO JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 13 of the Complaint but admits that this Court has jurisdiction.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## AS TO FACTS PARTICULAR TO JACOB LEITNER

15. In response to Paragraph 15, Defendant admits that it has placed certain calls to Plaintiff and denies the remainder of the allegations in Paragraph 15 of the Complaint.

16. In response to Paragraph 16, Defendant admits that it has placed certain calls to Plaintiff and denies the remainder of the allegations in Paragraph 16 of the Complaint.

17. In response to Paragraph 17, Defendant admits that it has placed certain calls to Plaintiff, including on the date alleged, and denies the remainder of the allegations in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20. Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint concerning the number of messages placed to unidentified recipients, and therefore denies them.

34. Paragraph 34 of the Complaint contains speculation to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 355 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint, except admits that Plaintiff seek certain relief but denies that Plaintiff is entitled to the relief sought or to any relief whatsoever.

## AS TO CLASS ALLEGATIONS

49. In response to Paragraph 49 of the Complaint, Defendant admits only that Plaintiff purports to assert a putative class action as alleged. Defendant denies that the class should be certified.

50. In response to Paragraph 50 of the Complaint, Defendant admits only that Plaintiff purports to assert a putative class action as alleged. Defendant denies that the class should be certified.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint and specifically denies that any class should be certified.

52. In response to Paragraph 52 of the Complaint, Defendant admits only that Plaintiff purports to assert a putative class action as alleged. Defendant denies that the class should be certified.

53. Paragraph 53 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 53 of the Complaint and specifically denies that the class should be certified.

54. Paragraph 54 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 54 of the Complaint and specifically denies that the class should be certified.

55. In response to Paragraph 55 of the Complaint, Defendant admits only that Plaintiff purports to assert a putative class action as alleged. Defendant denies that the class should be certified.

56. Paragraph 56 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 56 of the Complaint and specifically denies that the class should be certified.

57. Paragraph 57 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 57 of the Complaint and specifically denies that the class should be certified.

58. Paragraph 58 of the Complaint contains conclusions of law to which no response is required. To the extent a response is necessary, Defendant denies the allegations contained in Paragraph 58 of the Complaint and specifically denies that the class should be certified.

59. In response to Paragraph 59 of the Complaint, Defendant admits only that Plaintiff purports to assert a putative class action or actions as alleged. Defendant denies that any class should be certified.

**AS TO FIRST CAUSE OF ACTION**

60. Defendant realleges and incorporates by reference the responses in the preceding paragraphs of this Answer.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

**AS TO SECOND CAUSE OF ACTION**

62. Defendant realleges and incorporates by reference the responses in the preceding paragraphs of this Answer.

63. In response to Paragraph 63, Defendant admits that it has placed certain calls to Plaintiff, including on the date alleged, and denies the remainder of the allegations in Paragraph 63 of the Complaint.

64. In response to Paragraph 64, Defendant admits that it has placed certain calls to Plaintiff, including on the date alleged, and denies the remainder of the allegations in Paragraph 64 of the Complaint.

65. In response to Paragraph 65, Defendant admits that it has placed certain calls to Plaintiff, including on the date alleged, and denies the remainder of the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

## AS TO THE WHEREFORE PARAGRAPH

In response to Wherefore Paragraph following Paragraph 69 of the Complaint, Defendant denies that any class should be certified, and denies that Plaintiff and any of the putative class members are entitled to any relief, including but not limited to the relief sought in sub-parts (a) through (c) of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action, as Defendant lawfully contacted Plaintiff in good faith under the FDCPA to collect a legitimate debt from Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff claims are barred by the agreement governing Plaintiff's relationship with Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were caused in whole or in part by Plaintiff's own culpable, reckless, and/or negligent conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because even if Plaintiff can show a violation of the FDCPA, Plaintiff cannot show such a violation was intentional. Rather, any violation alleged by Plaintiff, if it occurred, was the result of bona fide error that occurred in spite of Defendant's established procedures reasonably adapted to avoid such errors.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Defendant complied with any and all applicable federal and state statutory and regulatory provisions.

## NINTH AFFIRMATIVE DEFENSE

Recovery is barred or limited by the doctrines of in pari delicto and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to absent class members, in the event Plaintiff is allowed to pursue class certification, Defendant reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction, lack of standing, arbitration, bankruptcy, and/or that their claims may be barred by principles of in pari delicto and/or unclean hands, res judicata, collateral estoppel, claim preclusion, judgment, or waiver or similar concepts.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or the absent putative class members' claims are barred, in

whole or in part, by the applicable statute of limitations and/or by laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant placed the calls at issue, they were placed on behalf of third party creditors. Defendant hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of banking preemption, of arbitration contracts agreed to by Plaintiff and/or the absent putative class members that bar a lawsuit of this type, and of consents obtained by any such party.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims are barred or limited by estoppel, waiver, and similar concepts.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the alleged conduct of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Declaratory or injunctive relief is unavailable under the FDCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any statutory damages under the FDCPA or any other statute, which Defendant expressly denies, such damages are subject to the limitations set forth in the particular statute.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to set-off.

### NINETEENTH AFFIRMATIVE DEFENSE

- 13 -

Defendant reserves the right to amend its Answer and Affirmative Defenses based on any information obtained during discovery.

**WHEREFORE**, Defendant demands a judgment dismissing the Complaint against it in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 9, 2017

                                                  REED SMITH LLP

                                                 By: *Nana Japaridze*
                                                      Casey D. Laffey
                                                        Nana Japaridze
                                                599 Lexington Avenue
                                                New York, New York 10022
                                                Tel. (212) 521-5400
                                                Fax. (212) 521-5450
                                                claffey@reedsmith.com
                                                njaparidze@reedsmith.com

                                               *Attorneys for Defendant*